**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Susan Stone, ) | No.  CIV 02-1413 PHX RCB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| GAB Robins North America, ) | |
| Inc., ) | |
| ) | |
| Defendant. ) | |

On June 27, 2002, Plaintiff Susan Stone ("Stone") filed a Complaint against her former employer GAB Robins North America, Inc. ("GAB") in the Superior Court of Arizona in Maricopa County. Notice of Removal (doc. 1). The matter was removed to this Court on the basis of diversity on July 26, 2002. Id. The Complaint alleged five causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of the Arizona Wage Act, Ariz. Rev. Stat. § 23-350, *et. seq*; (4) fraud; and (5) negligent misrepresentation. Id. at Exbt. A. All five causes of action relate to two specific allegations made by Stone. First, Stone claims that GAB improperly calculated her 2001 bonus.

Second, Stone claims that GAB improperly withheld 30% of her bonus.

On March 18, 2005, the Court granted partial summary judgment in favor of GAB on one of Stone's claims. Order (doc. 48) at 13. The trial on the remaining claims against GAB is scheduled to begin on March 7, 2006. Order (doc. 66).

Both parties have filed motions in limine seeking the exclusion of certain testimony and a limitation on the manner in which a particular document may be referred. P. Mot. (doc. 57); D. Mot. Language (doc. 55); D. Mot. Discretionary Bonus (doc. 56). The Court has considered the arguments presented and is now prepared to rule.

**I.    Stone's Motion in Limine**

In her motion, Stone requests that the Court (1) preclude GAB from testifying, asserting, or arguing that any bonus plans or agreements that were not presented to Stone in the course of her employment constitute binding contracts or agreements; and (2) that if such plans or agreements are offered by GAB, that the jury be instructed that plans or agreements that were not provided to Stone cannot constitute binding contracts or agreements, and cannot modify an existing plan or agreement that has been provided. P. Mot. (doc. 57) at 1.

GAB is an independent insurance adjusting company providing claims adjusting and claims management services to insurance companies and self-insured entities. DSOF (doc. 34) at ¶ 9. The majority of GAB's business arises out of two divisions within the organization: Risk Management Services ("RMS") and Insurance Company Services ("ICS"). Id. at ¶ 10. Stone was employed with GAB from 1994 to 2002, as a Regional Account Executive. PSOF (doc.

-2-

1  39) at ¶¶ 1-2.

2  Prior to March 12, 2001, GAB had an ICS bonus plan and a
3  separate RMS bonus plan.  DSOF (doc. 34) at ¶ 21-24.  However, on
4  March 12, 2001, GAB issued a new plan that was explained in writing
5  to each ICS salesperson by way of a form letter ("Plan Letter").
6  Exbt 8 (doc. 34).  The Plan Letter did not specifically indicate
7  that the new plan would apply to only ICS sales, and not RMS sales.
8  Id.  Thereafter, Stone landed a large RMS sale and expected to
9  receive a bonus pursuant to the new incentive plan.  However, GAB
10 refused to pay her a bonus under the new plan, asserting that
11 another plan existed for RMS sales.

12 Stone asserts that the Plan Letter was the only written
13 incentive compensation plan for 2001 ever provided to her.  P. Mot.
14 (doc. 57) at 2.  Thus, her motion in limine seeks to preclude GAB
15 from arguing at trial that the alleged separate RMS plan
16 constituted a contract or agreement with Stone.  In support of her
17 motion, Stone cites case law discussing what is required to effect
18 a unilateral modification to an employment contract.  Id. at 2-4
19 (citing DeMasse v. ITT Corp., 194 Ariz. 500 (1999)).

20 In response, GAB argues that Stone's motion should be denied
21 because GAB disputes that its compensation plans constitute
22 "contracts."  Resp. to P. Mot. (doc. 60) at 2.  GAB asserts that
23 the Plan Letter was "merely a statement of [its] bonus policy[.]"
24 Id. at 3.  In addition, GAB notes that Stone, in her application
25 for employment, expressly agreed that GAB could modify its policies
26 and procedures at any time without notice, thus allowing GAB the
27 right to determine its pay policies.  Id. at 3.

28 In its order of March 18, 2005, the Court determined that the

issue of whether the Plan Letter distributed by GAB became a part of Stone's at-will employment contract is a factual question that must be decided by a jury.  The Court did not decide whether or not the Plan Letter was a contract.  Thus, the preclusion of testimony related to the status of the alleged RMS bonus plan and how it affected Stone's employment or bonus contract with GAB assumes that such a contract existed in the first place.  Such a conclusion by the Court would be inappropriate.  Accordingly, the Court shall deny Stone's motion.

**II. GAB's Motion in Limine Regarding Language Use**

In relation to the issues discussed above, GAB seeks to preclude Stone, her counsel and witnesses, from referring to the Plan Letter as a "contract," "understanding," "agreement" or any similar term at trial.  D. Mot. Language (doc. 55) at 1.  GAB notes that the Court, in its order of March 18, 2005, concluded that the issue of whether the Plan Letter was a contract or became a part of Stone's at-will employment contract is a factual question that must be decided by a jury.  Id. at 2.  Consequently, GAB argues that allowing such references at trial, other than during opening and closing statements, would unduly prejudice GAB and could mislead the jury, unfairly swaying them in deciding an ultimate fact issue.  Id. at 2-3.  Thus, under Federal Rule of Evidence 403, GAB contends that such references should be precluded.  Id. at 3.

In contrast, Stone argues that such references are not prejudicial and are, in fact, critical to the crux of this case.  Resp. to D. Mot. Language (doc. 59) at 2.  Stone asserts that both parties' understandings of the intent of the Plan Letter, as well as the interpretation of the plan, are critical to the claims in

this case. Id. at 4. Accordingly, Stone argues that any and all witnesses and attorneys should be able to provide evidence and argument as to what their understandings were of the plan, and that counsel should be entitled to argue that the Plan Letter was a contract or agreement. Id. "Defendant's counsel will be able to cross-examine Plaintiff or any other witness as to their understanding or belief." Id.

In the case at bar, a jury will be asked to decide whether a contract or agreement existed between the parties. Thus, the need to explore the parties' understandings of the Plan Letter makes improper the complete preclusion of the use of such language. However, because of legitimate Rule 403 problems of prejudice, the Court shall allow counsel for both Stone and GAB to argue that the Plan Letter was a "contract," "understanding," "agreement" or any similar term, in opening statements and, depending on the evidence, closing arguments, but will preclude counsel, in their questioning, from characterizing the document as a "contract," "understanding," "agreement" or any similar term. This does not preclude any witness from characterizing the document as such if he or she does so in a legitimate response to an appropriate question. Furthermore, should the state of the evidence justify the reconsideration of this matter at trial, the Court will not preclude either party from raising the issue again. Therefore, the Court shall grant in part and deny in part GAB's motion.

**III. GAB's Motion in Limine Regarding Discretionary Bonus**

GAB also seeks to preclude Stone, her counsel and witnesses, from referring to, testifying about, or questioning witnesses regarding her previously dismissed claim relating to her unpaid 30%

1  discretionary bonus and its underlying facts.  D. Mot.
2  Discretionary Bonus (doc. 56) at 4.  In this case, Stone alleged
3  two claims based on the Arizona Wage Act, A.R.S. § 23-350, one of
4  which sought treble damages for a 30% discretionary bonus she did
5  not receive for 2001.  In its order dated March 18, 2005, the Court
6  dismissed this claim, finding that "the 30% of the bonus monies at
7  issue were discretionary, and consequently, not covered by the
8  Arizona Wage Act."  Order (doc. 48) at 13.  Accordingly, GAB argues
9  that all evidence and allegations relating to this claim should be
10 precluded because it would be irrelevant, unduly prejudicial to
11 GAB, mislead the jury and cause an undue waste of the Court's time.
12 D. Mot. Discretionary Bonus (doc. 56) at 2.  Specifically, GAB
13 argues that the probative value of such testimony is substantially
14 outweighed by its prejudicial effect, as it could cause the jury to
15 base its decision on sympathy for Stone.  Id. at 3.

16      In opposition to GAB's motion, Stone argues that the
17 preclusion of such testimony would inhibit her from seeking relief
18 for the unpaid bonus monies under other legal theories set forth in
19 her Complaint.  Resp. to D. Mot. Discretionary Bonus (doc. 58) at
20 2.  Stone notes that the Court, in its order of March 18, 2005,
21 granted summary judgment in favor of GAB on the narrow issue of
22 whether she could claim treble damages under the Arizona Wage Act.
23 Id.  Despite the dismissal of this one claim, Stone asserts that
24 she still seeks relief in regard to the unpaid discretionary bonus
25 under her claims of breach of contract, breach of the covenant of
26 good faith and fair dealing, fraud and misrepresentation.  Id.

27      In light of Stone's active claims for the discretionary bonus
28 under the above listed legal theories, the Court concludes that the

- 6 -

preclusion of testimony related to the contested bonus monies would be inappropriate. Consequently, the Court shall deny GAB's motion.

Therefore,

IT IS ORDERED that Stone's Motion in Limine (doc. 57) is DENIED.

IT IS FURTHER ORDERED the GAB's Motion in Limine Regarding Use of Contract, Understanding, Agreement or the Like (doc. 55) is GRANTED in part and DENIED in part in accordance with this order.

IT IS FURTHER ORDERED the GAB's Motion in Limine Regarding Plaintiff's Dismissed Claims (doc. 56) is DENIED.

DATED this 6th day of February, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record